UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PEDRO PEREZ on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 3:15-cv-228 |
| TENARIS GLOBAL SERVICES (U.S.A.) CORPORATION | § § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

1. Plaintiff Pedro Perez, and the employees he seeks to represent ("Class Members"), are current and former employees of Defendant Tenaris Global Services (U.S.A.) Corporation ("Defendant" or "Tenaris"). Plaintiff and Class Members worked as Field Service Specialists for Defendant.

2. Defendant knowingly, deliberately, and willfully failed to pay the Plaintiff and Class Members overtime pay. Defendant misclassified the Plaintiff and Class Members as exempt under the FLSA.

3. Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Class Members, be paid one and one half their regular rate of pay for all hours worked in excess of forty (40) with in a single week.

4. Plaintiff Perez seeks to recover on behalf of himself and the Class Members all unpaid wages and other damages owed to them as a collective action.

1

**SUBJECT MATTER JURISDICTION AND VENUE**

5.  This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the action giving rise to this claim occurred in this District, including many of the wrongs herein alleged.

**PARTIES AND PERSONAL JURISDICTION**

7.  Plaintiff Perez is an individual who resides in Fort Bend County, Texas. His written consent form to this action is attached hereto as Exhibit "A."

8.  Defendant Tenaris Global Services (U.S.A.) Corporation is a for-profit corporation organized under the laws of Delaware. Defendant may be served process through its registered agent United Corporate Services Inc., 815 Brazos St., Suite 500, Austin, Texas 78701.

9.  This court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting activities in the state of Texas. Its activities in Texas constitute minimum contacts sufficient to confer jurisdiction upon it. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the due process requirements of the Constitution.

10. This cause of action arose from or relates to the contacts of Defendant with Texas, thereby conferring specific jurisdiction over them as well.

11. In particular, Defendant employed Texas residents and failed to pay them for all hours worked in accordance with the clear mandates of the FLSA. This claim is focused on the exact contact that Defendant have had with the state of Texas.

12. Defendant also operates numerous manufacturing facilities in the state of Texas.

## FLSA COVERAGE

13. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

14. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. 203(r).

15. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact that the Defendant has had and continue to have employees engaged in commerce.

16. Defendant has an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

17. Field Service Specialists are non-exempt employees under the FLSA.

## FACTS

18. Tenaris is a company that provides casing, tubing, line pipe, and various other steel pipes.

19. Plaintiff Perez worked for Tenaris as a Field Service Specialist from approximately April of 2007 to August of 2014.

20. As a Field Service Specialist, Plaintiff's primary duty was to work in oil fields connecting and maintaining steel pipes.

21. Plaintiff's primary duty involved manual labor.

22. Plaintiff and other Field Service Specialists were paid a day rate and salary.

23. Field Service Specialists were not paid overtime.

24. Field Service Specialists were classified by Defendant as exempt.

3

25. Plaintiff routinely worked in excess of forty hours each week.

26. Plaintiff stayed at well sites for days at a time and would often work in excess of 80 hours per week.

27. A Field Service Specialist's primary duty does not involve managing the enterprise or customarily recognized department or subdivision of the enterprise.

28. Field Service Specialists do not customarily or regularly direct the work of two or more full-time employees.

29. Field Service Specialists do not hire or fire other employees or make recommendations about changing the employment of status of other employees.

30. Field Service Specialists are not supervisors.

31. Field Service Specialists work in the field.

32. Field Service Specialists do not work in an office.

33. The work of a Field Service Specialist involves manual labor.

34. The primary duty of Field Service Specialists does not require the exercise of independent judgment or discretion.  Instead, Field Service Specialists are required to follow a strict protocol of rules and procedures when performing their work.

35. Field Service Specialists do not work in a field of science or learning that requires advanced knowledge acquired through a long course of specialized intellectual instruction.

36. There is no an educational requirement to obtain a job as a Field Service Specialist.

37. The work of a Field Service Specialist does not involve invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor.

38. Field Service Specialists are scheduled to and are expected to work more than 40 hours per week.

39. Defendant employs in excess of 300 Field Service Specialists nationwide.

40. Defendant classifies Field Service Specialists as exempt from overtime.

41. Defendant's conduct with respect to its Field Service Specialists is willful within the meaning of the FLSA.

42. Defendant knew or showed reckless disregard that the Field Service Specialists, including Plaintiff, were not exempt from overtime pay.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all current and former Field Service Specialists, and all employees in substantially similar positions, within three (3) years from the commencement of this action to the present.

44. Plaintiff has actual knowledge that the Class Members working for Defendant have likewise been denied overtime pay.

45. Plaintiff Perez is similarly situated to the Class Members. Like Plaintiff Perez, Defendant subjected the Class Members to the common practice, policy, and plan of misclassifying them as exempt.

46. The Class Members share a common job description with Plaintiff.

47. The Plaintiff and Class Members performed similar job duties.

48. The Plaintiff and Class Members were paid a salary and/or day rate.

49. The Plaintiff and Class Members were not paid overtime.

50. The unique circumstances of any individual Class Member should not prevent certification.

51. The names and addresses of the Class Members of the collective action are discoverable from the Defendant. To the extent required by law, notice will be provided to these individuals via First Class Mail, email, and a website with factual information about the lawsuit or by the use of techniques and a form of notice similar to those customarily used in representative actions.

52. Although the exact amount of damages may vary among Class Members, damages can be calculated, summed, and allocated based on a simple formula.

53. The claims of Plaintiff Perez and Class Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendant to comply with its obligation to pay overtime.

54. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former Field Service Specialists, and all employees in substantially similar positions, during that three year period before the filing of this complaint up to the present.**

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

55. Plaintiff incorporates the preceding paragraphs by reference.

56. Defendant violated the FLSA by failing to pay Plaintiff and Class Members overtime based on the statutory formula provided in the FLSA.

57. For all time worked in excess of forty (40) hours in a workweek, Plaintiff and Class Members are entitled to be paid one and one-half times their regular rates of pay for overtime. 29 U.S.C. § 207.

58. Defendant violated and continues to violate the FLSA by failing to pay Plaintiff and the Class Members overtime for each hour worked over forty (40) in a workweek.

59. No exemption under the FLSA applies to Plaintiff or the Class Members.

60. Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore a three year statute of limitations applies to this action and Defendant is liable for liquidated damages.

## WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

61. Plaintiff and the Class Members are entitled to recover their unpaid overtime premiums.

62. Plaintiff and the Class Members are entitled to recover an amount equal to all unpaid wages as liquidated damages.

63. Plaintiff and Class Members are entitled to recover attorneys' fees and costs as required by the FLSA.

## JURY DEMAND

64. Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

65. For these reasons, Plaintiff and Class Members respectfully request that judgment to be entered in their favor awarding them:

    a. All unpaid wages;

    b. An equal amount as liquidated damages as allowed under the FLSA;

    c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

    d. Such other and further relief to which Plaintiffs and Class Members may be entitled, in law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ *Don J. Foty*
    Don J. Foty
    DFoty@kennedyhodges.com
    State Bar No. 24050022
    Federal Id No. 711552
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS

OF COUNSEL:

John A. Neuman
jneuman@kennedyhodges.com
State Bar No. 24083560
Federal Id No. 1902654
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116